IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GERALD PATRICK RICO,<br><br>        Defendant. | **MEMORANDUM DECISION REGARDING PRETRIAL RELEASE**<br><br>Case No. 2:13-cr-00714-TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

This Court set conditions of release for Gerald Patrick Rico at the detention hearing held on this matter on October 28, 2013.  The Court reviewed the Complaint, the Indictment, and the pretrial services report.  The Court held a detention hearing on October 28, 2013, where it heard evidence from the Government through one of the FBI Agents involved in the investigation and the Defendant by proffer.

The Eighth Amendment prohibits the imposition of excessive bail.  U.S. CONST. amend. VIII.  18 U.S.C. § 3142 governs a defendant's release or detention pending trial.  This statute requires the Court order the defendant released on his own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the Court determines either personal recognizance or an unsecured bond will not reasonably assure either end, 18 U.S.C. § 3142(c)(1)(B) requires the Court impose the *least* restrictive further condition that will reasonably assure the appearance of the defendant and the safety of the community.  After a detention hearing, the Court shall order detention of the defendant pending trial if it finds "no condition or combination of conditions

1

will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).

No rebuttable presumption of detention exists in this case.  Furthermore, nothing in the statute modifies or limits the presumption of the defendant's innocence prior to trial.  18 U.S.C. § 3142(j).  "'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'"  *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

In making its determination, the Court considered the following factors:  the nature and circumstances of the charged offense, the weight of the evidence against the Defendant, the history and characteristics of the Defendant—including his character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history of substance abuse, crime, and court appearances, whether the defendant was on probation, parole, or release pending trial, sentencing, appeal, or completion of a sentence—and the nature and seriousness of danger posed by the person's release.  *See* 18 U.S.C. § 3142(g).

**Risk of nonappearance**

The Defendant was born in California and has lived in Utah for the last thirteen years. The Defendant has two children, ages thirteen and seventeen, who live with his ex-wife in Utah. Until his arrest in March of 2013 for the alleged offense, the Defendant worked for the same company in Utah for the last six years in construction and painting.  That company does not currently have an opening but expressed a willingness to rehire the Defendant should an opening arise.  Based on this information, the Court finds the Defendant has significant ties to Utah.

Most recently in February and March of 2013, the Defendant failed to appear in court on a Driving Under the Influence misdemeanor charge. Other than those two instances, the Defendant had no other failures to appear. The Defendant admits that at the time of his arrest in March of 2013 and for a period of time prior he had depression and anxiety, a cancer diagnosis, was drinking alcohol and using cocaine on a nearly daily basis.

The Defendant served time in the Utah County Jail from March 2013 until his transfer to federal custody on October 24, 2013. While in jail, the Defendant successfully graduated from a substance abuse treatment program and began taking mental health medication prescribed by the jail. The Court finds that the Defendant's mental health difficulties and use of drugs and alcohol at that time contributed significantly to his failures to appear in February and March of 2013.

The Court also notes the Defendant's lack of material resources as a factor making any attempt at flight more difficult.

The Court finds the Government has not shown, by a preponderance of the evidence, that the Defendant poses an unmanageable risk of nonappearance. The Court ordered the conditions of release as set forth in ECF No. 12.

The Defendant will maintain a residence with a member of his church who has a previous communications fraud charge from the 1990's but has led a productive life since that time and would like to assist the Defendant in doing the same. The Court prohibited the Defendant from using drugs or alcohol and provided for testing and treatment at the direction of pretrial services. The Court further ordered the Defendant to undergo a mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed. These conditions will reasonably assure the Defendant's appearance back at court.

**Risk to the safety of any other person and the community**

The Defendant has a criminal history with convictions only for misdemeanors. In recent years the Defendant's criminal charges stopped between 2003 when he was charged with misdemeanor simple assault and the case was dismissed and 2011 when he received two misdemeanor charges for violation of a protective order and a misdemeanor driving under the influence charge. The protective order remains in place. The timing of the Defendant's 2011 charges coincides with his relapse to drugs and alcohol along with personal difficulties in his life. With the conditions in place for mental health and drug and alcohol treatment in place, and the Defendant's efforts at reform while in jail, the Court believes the conditions in place can reasonably assure the safety of the community.

In considering the weight of the evidence, the Court has carefully considered the circumstances surrounding the Defendant's arrest to which the FBI Agent testified. This testimony included evidence of the Defendant possessing clothing matching the description of the robber and a vehicle near the robbery at the time of the robbery. The clothing matching the description included a plain black beanie, blue jeans, white sneakers, and painters' masks. Additionally the agent testified the Defendant had bank labels bearing the name of the robbed bank and methamphetamine in a quantity consistent with personal use in his vehicle at the time of arrest. Further, the Agent testified that the Defendant had a cut on his hand similar to a cut that appeared on the hand of the robber in the video from the bank. The Agent indicated that neither the film from the bank nor of the vehicle near the bank were high quality. The Agent testified that while the note handed to the teller said the robber had a gun, the robber never brandished a gun, and no gun has been found in conjunction with the investigation.

Since going to jail, the Defendant has received treatment for his mental health and drug and alcohol issues.

The Government has failed to show, by clear and convincing evidence, that the Defendant poses an unmanageable danger to the community or any other person. *See* 18 U.S.C. § 3142(f)(2)(B). While the evidence of the crime meets the probable cause standard, it does not provide clear and convincing evidence that the Defendant poses an unmanageable danger to the community or any other person at this time. The Defendant's time in jail has given him the opportunity to address his drug, alcohol, and mental health problems. The Court put conditions in place to manage the risk including drug and alcohol treatment and testing and a prohibition on firearms or dangerous weapons. While the Defendant appears to have had prior issues with domestic violence a restraining order is in place, and the Court ordered mental health treatment.

Furthermore, the Defendant stands accused of Bank Robbery, which is a theft or fraud related offense. Dr. Marie Van Nostrand and Gena Keebler, in *Pretrial Risk Assessment in the Federal Court*, noted that such offenses pose less of a pretrial risk on release than firearm, drug or immigration offenses. Marie VanNostrand, Ph.D. & Gena Keebler, *Pretrial Risk Assessment in the Federal Court*, Fed. Probation, Sept. 2009, at 12. [1] Additionally, Defense counsel noted that the Defendant has a pretrial risk level of a low "4". As noted in that same study,

> the populations most suited for pretrial release – both programmatically and economically − with conditions of alternatives to detention are defendants in risk levels 3 and 4. Attempts should be made to maximize the release of the defendants in these risk categories while minimizing the risk of pretrial failure through the ATD [Alternatives to Detention] program. This practice is consistent with the purpose and intent of bail and striking the balance between the legal and constitutional rights of defendants with the need to protect the community and assure court appearance pending trial.

---

[1] The Office of the Federal Detention Trustee with support from the Administrative Office of the U.S. Courts sponsored the study and report, dated April 2009 and reprinted in Federal Probation in September 2009. *Id.* at 3 n. 1.

*Id.* at 22. The conditions the Court put in place fall into the category of Alternatives to Detention.[2] Under these circumstances, the Court found the statute required release pending trial on conditions.

DATED this 29th day of October, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge

---

[2] Alternatives to Detention include third-party custodian, substance abuse testing, substance abuse treatment, location monitoring, halfway house, community housing or shelter, mental health treatment, sex offender treatment, and computer monitoring. *Id.* at 15-16.